**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **ANTOINE MANSON,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| **v.** § | **CIVIL NO. 5:21-CV-1181-XR** |
| § | |
| **B&S TRUCKING OF JACKSON, LLC;** § | |
| **JJ&C EXPRESS CORP; and** § | |
| **MARIEL ARIAS-PADILLA.** § | |
| § | |
| *Defendants.* § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES Antoine Manson** hereinafter referred to by name or as Plaintiff, and complains of Defendants **B&S Trucking of Jackson, LLC; JJ&C Express Corp;** and **Mariel A. Arias-Padilla** hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

**I.
PARTIES**

   1.   Plaintiff **Antoine Manson** is an individual residing in San Antonio, Bexar County, Texas.

   2.   Defendant **B&S Trucking of Jackson, LLC**, is a New Jersey Company which does business in the State of Texas and has already made an appearance in this lawsuit.

   3.   Defendant **JJ&C Express Corp,** is a domestic for-profit corporation which is incorporated in the State of New Jersey and does business in the State of Texas. Defendant **JJ&C**

**Express Corp** can be served with process by serving its registered agent Carolina Delmonte located at 335 Cunnecticut, Ave., Cherry Hill, NJ 08002.

4.  Defendant **Mariel A. Arias-Padilla** is an individual residing in Philadelphia, Pennsylvania and has already made an appearance in this lawsuit.

## II.
## JURISDICTION

5.  The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because the events which give rise to this cause of action occurred in the State of Texas. This Court has jurisdiction over Defendants, because they purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas and by committing a tort, which is the basis of this suit, in whole or in part in the State of Texas.

## III.
## FACTS

6.  On or about March 20, 2021, Plaintiff **Antonie Manson** was traveling down Loop 1604 in Bexar County, Texas when he was suddenly, and without warning, rear ended by Defendant **Mariel A. Arias-Padilla**, who was driving a commercial motor vehicle within the course and scope of her employment with Defendants **B&S Trucking of Jackson, LLC** and **JJ&C Express Corp.** The force of the impact caused the Plaintiff to lose control and subsequently crash into the medium concrete barrier. As a result of the crash, Plaintiff **Antonie Manson** sustained severe injuries for which he has brought this case seeking to recover for his damages.

## IV.
## CAUSES OF ACTION AGAINST DEFENDANT MARIEL A. ARIAS-PADILLA

**A.   NEGLIGENCE**

7.   The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages were proximately caused by the negligent conduct of **Mariel A. Arias-Padilla**, who violated the duty she owed to the Plaintiff to exercise ordinary care in the operation of the commercial motor vehicle in one or more of the following respects:

a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c. in failing to blow her horn to warn of imminent danger;

d. in failing to pay proper attention while driving;

e. in failing to control her speed in violation of Texas Transportation Code §545.351;

f. in failing to stop her motor vehicle in order to avoid the collision;

g. in following too closely;

h. in failing to pay attention;

i. in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401; and

j. in using a cell phone while driving in violation of 49 CFR § 392.82.

8.   Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, and gross negligence which proximately caused the collision, injuries, damages, and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

**B.    GROSS NEGLIGENCE**

9.    The acts and/or omissions of Defendant **Mariel A. Arias-Padilla** actions are of such a character to rise to the level of gross negligence.

10.    Defendant **Mariel A. Arias-Padilla** actions and omissions, when viewed objectively from the standpoint of the Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including the Plaintiff.

11.    Defendant **Mariel A. Arias-Padilla** had actual, subjective awareness of the risk involved in her acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

12.    Each of the above specific negligent acts and/or omissions, whether taken singularly or in any combination, constitutes gross negligence as those terms are understood at law, and were authorized, ratified, and/or approved by the owners, managers, vice principals, and agents of Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp.**

**V.
CAUSES OF ACTION AGAINST
DEFENDANTS B&S TRUCKING OF JACKSON, LLC; and JJ&C EXPRESS CORP**

**A.    NEGLIGENCE**

13.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant **Mariel A. Arias-Padilla** was operating the Commercial Motor Vehicle within the course and scope of her employment with Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp.**

14. At the time of the occurrence of the act in question and immediately prior thereto, Defendant **Mariel A. Arias-Padilla** was engaged in the furtherance of Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp's** business.

15. Defendant **Mariel A. Arias-Padilla** was engaged in accomplishing a task for which Defendants **Mariel A. Arias-Padilla** was employed.

16. Plaintiff invokes the doctrine of <u>Respondeat Superior</u> against Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp.**

17. Defendant **B&S Trucking of Jackson, LLC** is liable under the doctrine of <u>Respondeat Superior</u> in that Defendant **Mariel A. Arias-Padilla** was operating the vehicle in the course and scope of her employment with Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp.**

18. Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp** is also negligent in one or more of the following respects:

   a. Negligent hiring of **Mariel A. Arias-Padilla;**

   b. Negligent training of **Mariel A. Arias-Padilla;**

   c. Negligent supervision of **Mariel A. Arias-Padilla;**

   d. Negligent retention of **Mariel A. Arias-Padilla;**

   e. Negligent entrustment of the vehicle to **Mariel A. Arias-Padilla;**

   g. Negligence maintenance of the vehicle operated by **Mariel A. Arias-Padilla;**

   h. In allowing **Mariel A. Arias-Padilla** to regularly drive in an unsafe manner; and

   i. In allowing **Mariel A. Arias-Padilla** to use a cell phone while driving a commercial motor vehicle in violation of 49 CFR § 392.82.

19. As described herein, **B&S Trucking of Jackson, LLC and JJ&C Express Corp** were negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

20. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, and gross negligence which proximately caused the collision, injuries, damages and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

B. GROSS NEGLIGENCE

21. The acts and/or omissions of Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp** are of such a character to rise to the level of gross negligence.

22. Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp** and their agents, vice principals, and employees engaged in acts or omissions that, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including the Plaintiff.

23. Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp** and their agents, vice principals, and employees had actual subjective awareness of the risk involved in their acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

24. Each of the above specific negligent acts and/or omissions, whether taken singularly or in any combination, constitutes gross negligence as those terms are understood at

law, and were authorized, ratified, and/or approved by owner, vice principals, and managers of Defendants **B&S Trucking of Jackson, LLC and JJ&C Express Corp.**

## VI.
## DAMAGES

25. As a direct and proximate result of the collision and the negligent conduct of the Defendants, the **Plaintiff** suffered severe bodily injury to his head, neck, back and other parts of his body generally. The injuries are permanent in nature and have had a serious effect on **Plaintiff's** health and well-being. These specific injuries and their ill effects have, in turn, caused **Plaintiff's** physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause **Plaintiff** to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of their injuries, **Plaintiff** suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural lives.

26. As a further result of all of the above, **Plaintiff** has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County and/or venue where they were incurred.

27. As a further resulted of the injuries sustained by **Plaintiff** there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

## VII.
## EXEMPLARY DAMAGES

28. The above-referenced acts and/or omissions by Defendants **B&S Trucking of Jackson, LLC; JJ&C Express Corp** and **Mariel A. Arias-Padilla** constitute gross negligence as the term is defined by Section 41.001(11) of the Texas Civil Practice and Remedies Code.

29. The Defendants' act or omissions described above, when viewed objectively from the standpoint of Defendants **B&S Trucking of Jackson, LLC; JJ&C Express Corp; and Mariel A. Arias-Padilla** at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of harm to Plaintiff and others.

30. Defendants **B&S Trucking of Jackson, LLC; JJ&C Express Corp;** and **Mariel A. Arias-Padilla** had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of **Plaintiff** and others.

31. Defendants **B&S Trucking of Jackson, LLC; JJ&C Express Corp;** and **Mariel A. Arias-Padilla** had actual, subjective awareness of the risk involved in the above-described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to Plaintiff and others.

32. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiff.

33. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in questions and the resulting injuries and damage sustained by Plaintiff.

34. Therefore, because of such acts of gross negligence on behalf of **B&S Trucking of Jackson, LLC; JJ&C Express Corp** and **Mariel A. Arias-Padilla** Plaintiff now sues for exemplary damages in an amount to be determined at trial.

## VIII.
## PLEADING SUPPLEMENTALLY AND/OR IN THE ALTERNATIVE

35. Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

## IX.
## INTEREST

36. Plaintiff further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

37. Plaintiff demand a trial by jury. Plaintiff acknowledge payment this date of the required jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants **B&S Trucking of Jackson, LLC; JJ&C Express Corp;** and **Mariel A. Arias-Padilla** be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which the Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;

6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Pre judgment interest;
12. Post judgment interest;
13. Exemplary damages;
14. Loss of past wages;
15. Loss of future wages; and
16. Loss of wage-earning capacity.

Respectfully submitted,

The Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, Texas 78401
361/ 985-0600 – Phone
361/ 985-0601 – Facsimile

By: _____
Dennis J. Bentley
State Bar No. 24079654
Federal Bar No. 2202343
5711 University Heights Blvd.
Suite 101
San Antonio, Texas 78249
Telephone: (210)656-1000
Facsimile: (888)956-8001
e-mail: dbentley-svc@thomasjhenrylaw.com
*Service by email to this address only

***Attorney-in-Charge for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on March 15, 2022.

David Ortega
e-mail: dortegafanamanhowell.com
Erik Krudop
e-mail: ekrudopq namanhowell.com
NAMAN HOWELL SMITH 85 LEE
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
**Ortega Direct Line: (210) 731-6353**
**Ortega Facsimile: (210) 785-2953**
**Krudop Direct Line: (210) 731-6444**
**Krudop Facsimile: (210) 785-2910**
*Attorneys for Defendants B&S Trucking of Jackson, LLC*
*and Mariel A. Arias-Padilla*

_____
Dennis J. Bentley