IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTOINE MANSON, | § § § § | |
| *Plaintiff,* | | |
| v. | § § § § § § § § | CIVIL NO. 5:21-CV-1181-XR |
| B&S TRUCKING OF JACKSON, LLC; MARIEL ARIAS-PADILLA. | | |
| *Defendants.* | | |

## DEFENDANTS' PROPOSED JURY CHARGE

Come now Defendants, B&S TRUCKING OF JACKSON, LLC and MARIEL ARIAS-PADILLA, and submit Defendants' Jury Instructions and Questions. Defendants have submitted the appropriate instructions and verdict forms for issues on which Defendants bear the burden of proof. The law and facts of this case may preclude submission of issues on which Plaintiff bears the burden of proof. Defendants will make those objections at the appropriate time. Subject to and without waiver of objections to submission of issues on which Plaintiff bears the burden of proof, Defendants have also submitted the proper form of instructions on issues for which the Plaintiff bears the burden of proof should the Court determine that the law and fact of this case warrant submission of such issues.

By presenting these proposed instructions and questions, Defendants do not intend to waive their right to claim that one or more of the questions should not be submitted to the jury because of the lack of evidence to support them.

1

Rather, to the extent that submission of any of the questions is proper, Defendants urge that the following form of instructions and questions should be used. Defendants further reserve the right to request that the Court authorize amendments to these proposed instructions and questions to the extent necessary by evidence adduced at trial.

Respectfully submitted,

*Erik L. Krudop*
DAVID L. ORTEGA
State Bar No. 00791377
Email: dortega@namanhowell.com
Erik L. Krudop
State Bar No. 24027429
Email: ekrudop@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6353
Facsimile: (210) 731-2953
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure on this the 14th day of July 2023, to the following counsel of record:

Dennis J. Bentley
Thomas J. Henry Law, PLLC
5711 University Heights Blvd., Ste. 101
San Antonio, Texas 78249
E-mail: debentley-svc@thomasjhenrylaw.comm
ATTORNEY FOR PLAINTIFF, ANTOINE MANSON

            *Erik L. Krudop*
            Erik L. Krudop

4889-1855-7040, v. 1

I.  Preliminary Matters (Taken from Fifth Circuit Pattern Jury Instructions (Civil) (2014)

Defendants request that the Court instruct the jury with Paragraphs 3.1 - 3.7 of the Fifth Circuit Pattern Jury Charge (FCPJC). If punitive damages are still in the case at the time of the jury charge, the court should also use the definition of "clear and convincing evidence" contained in 2.17 of the FCPJC.

II. Proposed Jury Instructions, Definitions and Questions

As pointed out in the FCPJC, because this is a state law claim brought in federal court, the state substantive law controls the charge, and therefore, Defendants request that the following matters be presented to the jury:

## QUESTION 1 -- Negligence

**Did the negligence, if any, of those named below proximately cause the occurrence in question?**

"Negligence," when used with respect to the conduct of those named below, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No" as to each party below

Antoine Manson                           _____

Mariel Arias-Padilla                     _____


UNITED STATES DISTRICT JUDGE

    GIVEN:            _____

    REFUSED:          _____

    MODIFIED:         _____

If you answered "Yes" to Question 1 for more than one of the persons named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to causing the injury. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one person is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one person need not be the same percentage attributed to that person in answering another question.

**QUESTION NO. 2:**

**For each party found by you to have caused the injuries in question, find the percentage caused by:**

Antoine Manson               _____

Mariel Arias-Padilla          _____

   Total:                         __100__   %

UNITED STATES DISTRICT JUDGE

   GIVEN:        _____

   REFUSED:     _____

   MODIFIED:    _____

4889-1855-7040, v. 1

*Damages*

**QUESTION 3**

**What sum of money, if paid now in cash, would fairly and reasonably compensate Antoine Manson for his injuries, if any, that resulted from the occurrence in question?**

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

Do not include any amount for any condition that did not result from the occurrence in question.

Do not include any amount for any condition resulting from the failure, if any, of Antonie Manson to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that resulted from the occurrence in question.

Answer in dollars and cents, if any.

a.  Physical pain and mental anguish sustained in the past
    Answer: _____

b.  Medical care expenses incurred in the past
    Answer: _____

c.  Physical impairment sustained in the past
    Answer: _____

UNITED STATES DISTRICT JUDGE

GIVEN:       _____

REFUSED:     _____

MODIFIED:    _____

4889-1855-7040, v. 1

## PROPOSED INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Return this charge together with your written answers to the questions. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Do not let bias, prejudice or sympathy play any part in your deliberations. A company and all other persons are equal before the law and must be treated as equals in a court of justice.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.[1]

---

[1] U.S. Fifth Circuit District Judges Association, *Pattern Jury Instructions, Civil Cases, 2.12 - Instructions on Deliberation, 2.11 - Duty to Deliberate, 2.13 - Bias-Corporate Party Involved* (1999); FED. R. CIV. P. 48 ("the verdict shall be unanimous"); Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions* § 74.01 (1992 & Supp. 2000).

_____
UNITED STATES DISTRICT JUDGE

GIVEN: _____
REFUSED: _____
MODIFIED: _____

4889-1855-7040, v. 1