# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ANTOINE MANSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO. 5:21-CV-1181-XR |
| | § | |
| **B&S TRUCKING OF JACKSON, LLC;** and | § | |
| **MARIEL ARIAS-PADILLA.** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**MEMBERS OF THE JURY:**

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

    1.    Do not let bias, prejudice, or sympathy play any part in your decision.

    2.    Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

    3.    You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

    4.    If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

    5.    All the questions and answers are important. No one should say that any question or answer is not important.

    6.    Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence [unless you are told otherwise]. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence [unless you are told otherwise].

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true. (PJC 1.3).

A fact is established by "circumstantial evidence" when it may be fairly and reasonably inferred from other fact proved. (PJC 1.8).

    7.    Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

    8.    Do not answer questions by drawing straws or by any method of chance.

    9.    Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

    10.    Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

(PJC 1.3A).

## DEFINITIONS

"**NEGLIGENCE**" means the failure to use ordinary care that is failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. PJC 2.1.

"**ORDINARY CARE**" means that decree of care that would be used of a person of ordinary prudence under the same or similar circumstances. PJC 2.1.

"**PROXIMATE CAUSE**" means that cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence. PJC 2.4.

(PJC 4.1)

## QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

1. **B&S Trucking of Jackson, LLC**  _____

2. **Mariel Arias-Padilla**  _____

(PJC 4.1).

UNITED STATES DISTRICT JUDGE

    GRANTED: _____

    REFUSED: _____

    MODIFIED: _____

If you answered "Yes" to Question No. 1 for more than one of those named below, then answer Question No. 2. Otherwise, do not answer Question No. 2.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

## **QUESTION NO. 2**

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

**(a) B&S Trucking of Jackson, LLC**    _____

**(b) Mariel Arias-Padilla**    _____

   **TOTAL:**    **100%**

(PJC 4.3).


UNITED STATES DISTRICT JUDGE

 GRANTED: _____

 REFUSED: _____

 MODIFIED: _____

Answer Question No. 3 if you answered "Yes" for **B&S Trucking of Jackson, LLC** or "Yes" for **Mariel Arias-Padilla** to Question No. 1. Otherwise, do not answer Question No. 3.

## **QUESTION NO. 3**

What sum of money, if paid now in cash, would fairly and reasonably compensate **Antoine Manson** for *his* injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

1. Physical pain and mental anguish.
2. Loss of earning capacity.
3. Physical impairment.
4. Medical care expenses.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of **Antoine Manson.** Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

If the damages you found have resulted in part from any preexisting injury or condition that was causing symptoms at the time of the occurrence in question, do not include any amount for any such preexisting injury or condition, except to the extent the preexisting injury or condition was aggravated by the occurrence in question. (PJC 28.8B).

If a preexisting injury or condition was not causing any symptoms at the time of the occurrence in question but made the plaintiff more susceptible to injury than a person without that

injury or condition, include damages, if any, resulting from a combination of the preexisting injury or condition and the occurrence in question. (PJC 28.8 C).

1. Physical pain and mental anguish sustained in the past.

    Answer: _____

2. Physical pain and mental anguish that, in reasonable probability, **Antoine Manson**, will sustain in the future.

    Answer: _____

3. Loss of earning capacity sustained in the past.

    Answer: _____

4. Loss of earning capacity that, in reasonable probability, **Antoine Manson**, will sustain in the future.

    Answer: _____

5. Disfigurement sustained in the past.

    Answer: _____

6. Disfigurement that, in reasonable probability, **Antoine Manson** will sustain in the future.

    Answer: _____

7. Physical impairment sustained in the past.

    Answer: _____

8. Physical impairment that, in reasonable probability, **Antoine Manson** will sustain in the future.

    Answer: _____

9. Medical care expenses incurred in the past.

    Answer: _____

10. Medical care expenses that, in reasonable probability, **Antoine Manson** will sustain in the future.

   Answer: _____

(PJC. 28.3).

UNITED STATES DISTRICT JUDGE

   GRANTED: _____

   REFUSED: _____

   MODIFIED: _____

Answer the following question regarding **B&S Trucking of Jackson, LLC** only if you unanimously answered "Yes" to Question No. 1 regarding **B&S Trucking of Jackson, LLC** Otherwise, do not answer the following question **B&S Trucking of Jackson, LLC.**

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

## QUESTION NO. 4

Do you find by clear and convincing evidence that the harm to **Antoine Manson** resulted from gross negligence attributable to **B&S Trucking of Jackson, LLC**?

"**Clear and convincing evidence**" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"**Gross negligence**" means an act or omission by **B&S Trucking of Jackson, LLC**,

> (a) which when viewed objectively from the standpoint of **B&S Trucking of Jackson, LLC** at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (b) of which **B&S Trucking of Jackson, LLC** has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that **B&S Trucking of Jackson, LLC** may be grossly negligent if, but only if –

1. **B&S Trucking of Jackson, LLC** authorized the doing and manner of the act, or

2. **Mariel Arias-Padilla** was unfit and **B&S Trucking of Jackson, LLC** was reckless in employing him, or

3. **B&S Trucking of Jackson, LLC**, a vice-principal, or a manager of **B&S Trucking of Jackson, LLC**, ratified or approved the act.

"**Vice-principal**" means:

1. A corporate officer; or

2. A person who has authority to employ, direct, and discharge an employee of **B&S Trucking of Jackson, LLC**; or

3. A person engaged in the performance of non-delegable or absolute duties of **B&S Trucking of Jackson, LLC**; or

4. A person to whom **B&S Trucking of Jackson, LLC** has confided the management of the whole or a department or division of the business of **B&S Trucking of Jackson, LLC**

Answer "Yes" or "No."


Answer: _____

(PJC. 4.2).


UNITED STATES DISTRICT JUDGE

    GRANTED: _____

    REFUSED: _____

    MODIFIED: _____

Answer following question regarding **Antoine Manson** only if you unanimously answered "Yes" to Question No. 4. Regarding **B&S Trucking of Jackson, LLC** Otherwise, do not answer the following question regarding **B&S Trucking of Jackson, LLC**

## QUESTION NO. 5

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, should be assessed against **B&S Trucking of Jackson, LLC** and awarded to **Antoine Manson** as exemplary damages for the conduct found in response to Questions No. 4?

"**Exemplary damages**" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

    a.    The nature of the wrong.
    b.    The character of the conduct involved.
    c.    The degree of culpability of the wrongdoer.
    d.    The situation and sensibilities of the parties concerned.
    e.    The extent to which such conduct offends a public sense of justice and propriety.
    f.    The net worth of **B&S Trucking of Jackson, LLC.**

Answer in dollars and cents, if any.

Answer: _____

(PJC 28.7).

UNITED STATES DISTRICT JUDGE

    GRANTED: _____

    REFUSED: _____

    MODIFIED: _____

Answer the following question regarding **Mariel Arias-Padilla** only if you unanimously answered "Yes" to Question No. 1 regarding **Mariel Arias-Padilla**. Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer that part of the following question.

### QUESTION NO. 6

Do you find by clear and convincing evidence that the harm to **Antoine Manson** resulted from gross negligence?

*"Clear and convincing evidence"* means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

*"Gross negligence"* means an act or omission by, **Mariel Arias-Padilla**,

> (a) which when viewed objectively from the standpoint of **Mariel Arias-Padilla** at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (b) of which **Mariel Arias-Padilla** has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer: _____

(PJC 4.2).

UNITED STATES DISTRICT JUDGE

    GRANTED: _____

    REFUSED: _____

    MODIFIED: _____

Answer following question regarding **Mariel Arias-Padilla** only if you unanimously answered "Yes" to Question No. 6. Otherwise, do not answer the following question regarding **Mariel Arias-Padilla.**

## QUESTION NO. 7

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, should be assessed against **Mariel Arias-Padilla** and awarded to **Antoine Manson** as exemplary damages for the conduct found in response to Questions No. 5? *Exemplary damages"* means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

    a.    The nature of the wrong.
    b.    The character of the conduct involved.
    c.    The degree of culpability of the wrongdoer.
    d.    The situation and sensibilities of the parties concerned.
    e.    The extent to which such conduct offends a public sense of justice and propriety.
    f.    The net worth of **Mariel Arias-Padilla.**

Answer in dollars and cents, if any.

Answer: _____

(PJC 28.7).

UNITED STATES DISTRICT JUDGE

    GRANTED: _____

    REFUSED: _____

    MODIFIED: _____

# **<u>PRESIDING JUROR:</u>**

    1.    When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

    2.    The presiding juror has these duties:

        a.  have the complete charge read aloud if it will be helpful to your deliberations;

        b.  preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

        c.  give written questions or comments to the bailiff who will give them to the judge;

        d.  write down the answers you agree on;

        e.  get the signatures for the verdict certificate; and

        f.  notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

 

_____
JUDGE PRESIDING

(PJC 1.3).

## **INSTRUCTIONS FOR SIGNING THE VERDICT CERTIFICATE:**

1. Unless otherwise instructed, you may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2. If ten jurors agree on every answer, those ten jurors sign the verdict.

    If eleven jurors agree on every answer, those eleven jurors sign the verdict.

    If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

4. There are some special instructions before Questions 4, 5, 6, and 7 explaining how to answer those questions. Please follow the instructions. If all twelve of you answer those questions, you will need to complete a second verdict certificate for those questions.

Do you understand these instructions? If you do not, please tell me now.

_____
JUDGE PRESIDING

(PJC 1.3).

# VERDICT CERTIFICATE

Check one:

\_\_\_\_\_Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

_____     _____
**Signature of Presiding Juror**     **Printed Name of Presiding Juror**

\_\_\_\_\_ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

\_\_\_\_\_ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

|     | **Signature** | **Name Printed** |
| --- | --- | --- |
| 1.  | _____ | _____ |
| 2.  | _____ | _____ |
| 3.  | _____ | _____ |
| 4.  | _____ | _____ |
| 5.  | _____ | _____ |
| 6.  | _____ | _____ |
| 7.  | _____ | _____ |
| 8.  | _____ | _____ |
| 9.  | _____ | _____ |
| 10. | _____ | _____ |
| 11. | _____ | _____ |

(PJC 1.3).

If you have answered Questions 4, 5, 6, or 7, then you must sign this certificate also.

## ADDITIONAL VERDICT CERTIFICATE

I certify that the jury was unanimous in answering Questions 4, 5, 6, and 7. All 12 of us agreed to each of the answers. The presiding juror has signed the certificate for all 12 of us.

The questions that require unanimous answers are Questions No. 4, 5, 6, and 7.

_____  _____
**Signature of Presiding Juror**       **Printed Name of Presiding Juror**

(PJC 1.3).

## Instructions to Jury After Verdict

The court has previously instructed you that you should observe strict secrecy during the trial and during your deliberations, and that you should not discuss this case with anyone except other jurors during your deliberations. I am now about to discharge you. After your discharge, you are released from your secrecy. You will then be free to discuss the case and your deliberations with anyone. However, you are also free to decline to discuss the case and your deliberations if you wish.

After you are discharged, it is lawful for the attorneys or other persons to question you to determine whether any of the standards for jury conduct which I have given you in the course of this trial were violated and to ask you to give an affidavit to that effect. You are free to discuss or not to discuss these matters and to give or not give an affidavit.

Respectfully submitted,

The Law Offices of Thomas J. Henry

By: _____
Dennis J. Bentley
State Bar No. 24079654
Federal Bar No. 2202343
5711 University Heights Blvd.
Suite 101
San Antonio, Texas 78249
Telephone: (210)656-1000
Facsimile: (888)956-8001
e-mail: dbentley-svc@thomasjhenrylaw.com
*Service by email to this address only
***Attorney-in-Charge for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on July 14, 2023.

**Via ECF Service:**
David L. Ortega
dortega@namanhowell.com
Erik L. Krudop
ekrudop@namanhowell.com
**Naman, Howell, Smith & Lee, PLLC**
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
**COUNSEL FOR DEFENDANTS B&S TRUCKING OF JACKSON, LLC AND MARIEL ARIAS-PADILLA**

_____
Dennis J. Bentley