IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTOINE MANSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO. 5:21-CV-1181-XR |
| | § | |
| B&S TRUCKING OF JACKSON, LLC; | § | |
| JJ&C EXPRESS CORP; and | § | |
| MARIEL ARIAS-PADILLA. | § | |
| | § | |
| *Defendants.* | § | |

PLAINTIFF'S BRIEF IN SUPPORT OF EXCLUSION OF
EVIDENCE THAT PLAINTIFF HAS ACCESS TO FREE HEALTHCARE
FROM THE VETERANS' ADMINISTATION

TO THE HONORABLE JUDGE OF SAID COURT:

Paragraph 8 of Plaintiff's Motion in Limine seeks to exclude evidence that Plaintiff is entitled to free medical care for injuries sustained in the crash made the basis of this suit from the Veteran's Administration. Veterans are sometimes entitled to access the VA for medical treatment for medical conditions that are not service connected if certain requirements are met. Plaintiff has met those requirements, however, Plaintiff has not, for the most part, applied for such medical care. The VA is entitled to be reimbursed for any benefits paid to Plaintiff as a result of his injury, just like any other insurer. Aside from issues relating the delays in accessing providers at the VA Evidence of this collateral source should be excluded.

I.

The collateral source rule prohibits admission of evidence of benefits Plaintiff received by virtue of an agreement with a third party.

> The collateral source rule has applied in Texas since 1883. Under the common law, a tortfeasor was not entitled to a liability offset for proceeds procured as a result of the injured party's independently bargained-for agreement with an insurance company or other source of benefits. The rule was predicated on the notion that a tortfeasor should not benefit from an agreement to which the tortfeasor is not privy. The collateral source rule has been applied to all manner of benefits, including payments received under a worker's compensation policy, income received as part of veterans' benefits, and Social Security disability payments. As a rule of evidence, the collateral source rule has excluded such things as evidence of payments and downward adjustments in accordance with Medicare guidelines.

*Haygood v. De Escabedo*, 356 S.W.3d 390, 401 (Tex. 2011). (Lehrmann, J., dissenting) (citations omitted).

Plaintiff's VA benefits were secured by his military service. The fact that consideration provided for the benefits was not a monetary payment does not alter the VA benefits status as a collateral source.

> The rule's formulation—that the plaintiff's recovery is not subject to a setoff for benefits independent of the tortfeasor—leads to the straightforward conclusion that medical insurance, disability insurance and other forms of protection purchased by the plaintiff, as well as gifts the plaintiff receives, cannot reduce recovery

*Phillips v. Western Co. of North America*, 953 F.2d 923, 930 (5th Cir. 1992)

## II.

Pursuant to Statute, should Plaintiff obtain care from the VA, he is required to reimburse the VA for the cost of such care. See Ex. 1. See 38 CFR 17.106. It would be unfair for Plaintiff to be denied recovery for health care expenses because the jury believed that VA would provide the services, where Plaintiff is required to reimburse the VA for the value of those services.

## III.

The collateral source rule also bars evidence of collateral sources for future medical benefits. Plaintiff will present evidence of the reasonable cost of future treatment. Defendants have no expert testimony that the costs are not reasonable and customary. Defendants intend to

argue that the Plaintiff should not recover the cost of future health care for his injuries because that health care will be provided at no cost to him through the VA. The Plaintiff is not required to request treatment for non-service-connected injuries through the VA.

Failure to use the VA for treatment is not a failure to mitigate damages. The mitigation-of-damages doctrine requires an injured party, following a breach, to exercise reasonable care to minimize his damages if it can be done with slight expense and reasonable effort. Defendant has no evidence that Plaintiff could utilize the VA with "slight expense and reasonable effort." Defendant would have to proffer proof that Plaintiff could access the VA despite the history of long delays encountered by veterans. There is no evidence that Plaintiff could be treated for his non-service-connected injuries "with slight expense and reasonable effort."

Further, any suggestion that Plaintiff could receive treatment at the VA would disclose a collateral source to the jury.

Finally, Defendant ignores federal law that permits the VA to recover and collect reasonable charges from a third-party payor.

> VA has the right to recover or collect reasonable charges from a third-party payer for medical care and services provided for a nonservice-connected disability in or through any VA facility to a veteran who is also a beneficiary under the third-party payer's plan. VA's right to recover or collect is limited to the extent that the beneficiary or a nongovernment provider of care or services would be eligible to receive reimbursement or indemnification from the third-party payer if the beneficiary were to incur the costs on the beneficiary's own behalf.

38 CFR 17.106.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court exclude evidence or argument that Plaintiff is entitled to free medical care at the Veterans Administration Hospital.

[*signature block on next page*].

Respectfully submitted,

The Law Offices of Thomas J. Henry

By: _____
Michael Jacobellis
State Bar No. 10515100
5711 University Heights Blvd.
Suite 101
San Antonio, Texas 78249
Telephone: (210)656-1000
Facsimile: (888)956-8001
e-mail: mjacobellis-svc@thomasjhenrylaw.com
***Attorney-in-Charge for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on December 4, 2024.

***VIA ECF Service***
David Ortega
e-mail: dortega@anamanhowell.com
Erik Krudop
e-mail: ekrudop@namanhowell.com
**NAMAN HOWELL SMITH & LEE**
Union Square II
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
***Attorneys for Defendants B&S Trucking of Jackson, LLC
and Mariel A. Arias-Padilla***

_____
Michael Jacobellis

4